Good morning. May it please the Court, my name is Eric Weaver, appearing on behalf of Petitioner. I'll try to reserve three minutes of my time. It seems to me, obviously, that the first question that the Court has to address is whether the California Court of Appeal either ignored applicable precedent or failed to apply it. It seems to me, failed to apply it in a reasonable fashion. It seems to me the answer to that is clearly yes. In Andrade, the Court said that the only thing that is actually clear about Eighth Amendment jurisprudence is it applies to a sentence for a term of years and that proportionality guides that evaluation. The California Court of Appeal did not make any proportionality analysis here at all. It simply said this, looked at the, said that there are a number of cases that uphold 25-to-life sentences for minimal current offenses, and that was the end of it. So I think the Court of Appeal clearly refused to apply the proportionality analysis. Sotomayor Why is this case a better case for violation of the Eighth Amendment than Andrade? I think, Your Honor, I think the factors that make this case exquisitely rare are, in Solem, it says when you're looking at the proportionality, you compare the victim, the threat to the victim or society and the culpability of the offender. Here, the primary victim of the offense was the appellant himself. And he posed, personal use of methamphetamine poses a minimal threat to society. I think also his culpability is very minimal here. This is a unique situation where a drug addict is not using the drugs for a recreational purpose, but for a medically recognized therapeutic purpose. He has psychological and physical symptoms which are dramatic, and the drug he was using minimizes those symptoms. Some of us have been down that road, too. If the drug is illegal, it's illegal. In this particular case, though, Your Honor, when he was released from the CRC the last time, he was sent back to the Placer County drug treatment facility for a continuation of his prescription of Ritalin. But due to an administrative foul-up, which was not his fault, he was kept out of that program for eight months. So he was left on his own and lamentably returned to methamphetamine. I think another really key point here is that recidivism implies that a defendant hasn't learned from his prior incarcerations. He's never been incarcerated before. This is the first time he's been sent to prison. He's been to the CRC as a drug addict, but he's never been in prison before. So it's not a situation where he's been in prison a number of times and then has failed to learn from that experience. This is the first time that he's sent there. But what is that? You aren't explaining what Supreme Court case compels a different result here. I think that what compels any case. Pardon me? You can distinguish any case, and you can make any defendant seem sympathetic when he gets a sentence like this.  I agree, Your Honor. I agree that the standard has to be whether the proportionality analysis as applied to this case shows that there are unique facts about this case. And I think that the facts peculiar to this defendant are unique. And I think that under that circumstance, he's okay. Thank you. I'll reserve the rest of my time. Good morning. May it please the Court. Wanda Hill Rosanne appearing on behalf of Respondent Appelli. As this Court has noted, appellant has a high burden to meet, and that is to show that there is some Supreme Court precedent out there that the California court has either misapplied or applied in an unreasonable fashion, and that he cannot do. The court was required to look at Mr. Bothier individually and decide on balance was this the type of person that three strikes law was intended to apply to. The court made that finding. And unlike what's usually the case in State court, where there are simply papers filed on each side and the court simply making a ruling, there was a complete hearing at the State court in which the psychologist came in and testified. The problem is that Mr. Bothier's crimes of possessing drugs aren't solely directed at him. There's admission in the State record that when he abuses drugs, he also burglarizes residences in order to finance that. And he turned to burglary after he finished embezzling from his employment. And when that employment was terminated, then burglaries were the manner in which he financed his habit. The State court had the obligation to look at both sides, whatever his psychological disorders were, regrettable though they were, whether he had the right to remain out in the public and continue to victimize the rest of society in order to finance it. The court decided no, he didn't have that right. The court went through all the steps, considered the information, came to a reasonable decision under the law. Unless this Court has other questions, I'm willing to submit. Thank you. Thank you. I just have two quick points. First, with respect to the last point that was made by a respondent, it was not a question of whether he remains in public or goes to prison for 25 years to life. The court also had the opportunity to sentence him as a second striker, which would put him in jail for eight to ten years, which is a pretty substantial sentence for this type of crime. The second is in terms of whether the trial court or the court of appeal actually carried out the analysis that's required, in both cases they looked exclusively to the prior offenses and they talked about his prior record. There was no discussion in either court about, there was evidence about the current offense, but there was no discussion by the superior court or by the court of appeal of the nature of the offense, the current offense and the nature of the current offender. They only talked about the prior offenses. That indicates that the prior offenses were carrying the load, and the courts have said that that's not proper. You also have to take into consider the current offense. With that, I'll submit it. Thank you. The case just argued is submitted for decision. We'll hear the next case, Vick v. Vick.
judges: Schroeder, Farris, Rawlinson